UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONALD WALLACE BUTLER,

Plaintiff,

v.

DAKOTA COUNTY JAIL
HEALTH SERVICES, ET AL.,

Defendants.

Civil No. 00-2064 (JMR/FLN)

ORDER

Plaintiff, a prisoner being held in the Dakota County Jail, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983, for alleged violations of his federal constitutional rights. (Docket No. 1.) He did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application seeking to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter is now before the Court for consideration of Plaintiff's IFP application. For the reasons discussed below, Plaintiff's request for IFP status will be denied pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

FILED SEP 1 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This statute, "commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee... unless they are 'under imminent danger of serious physical injury.'" Lyon v. Kroll, 127 F.3d 763, 764 (8th Cir. 1997). When determining whether a prisoner is subject to the restrictions of § 1915(g) -- i.e., whether he has had three prior actions dismissed as frivolous, malicious, or for failure to state a cognizable claim -- courts will consider actions that were filed both before and after the enactment of the PLRA. Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

The Clerk of Court's records show that Plaintiff has filed numerous civil rights actions in this District during the past several years. At least three of those actions were summarily dismissed because they were frivolous or failed to state an actionable claim for relief.[1] Therefore, the Court finds that Plaintiff is subject to the "three strikes" provision of § 1915(g).

Furthermore, there are no factual allegations in Plaintiff's complaint suggesting that he is presently "under imminent danger of serious physical injury." Rather, it appears that Plaintiff is seeking relief based on past instances when Defendants allegedly neglected his medical needs. The Court finds no indication that Plaintiff is now subject to any immediate serious danger.

---

[1] The three known cases that have been summarily dismissed for being frivolous or failing to state an actionable claim are (1) Butler v. Ramsey County Adult Detention Center et al., Civil No. 4-93-997; (dismissed September 26, 1994); (2) Butler v. Minnesota Correctional Facility, et al., Civil No. 97-1719 (JMR/FLN) (dismissed September 23, 1997); and (3) Butler v. Minnesota Correctional Facility, et al., Civil No. 00-165 (JMR/FLN) (dismissed July 24, 2000).

Thus, the Court concludes that § 1915(g) is clearly applicable here, and that, pursuant to the statute, Plaintiff is ineligible for IFP status in this matter. Plaintiff's IFP application, (Docket No. 2), must therefore be denied. However, "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon, 127 F.3d at 765. Plaintiff will therefore be allowed to prosecute this action if he pays the full $150 filing fee. He will be given until October 13, 2000, to do so. If Plaintiff has not paid the full fee by that date, it will be recommended that the action be dismissed without prejudice.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is DENIED; and

2. Plaintiff shall pay the entire $150 filing fee for this action by no later October 13, 2000, failing which it will be recommended that the action be dismissed without prejudice.

Dated: September 15, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

---

[2] Plaintiff should note that even if the full filing fee is paid in a timely manner, his complaint will still have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted. If the Court finds that Plaintiff has failed to plead a legally cognizable claim, his case will be subject to summary dismissal, notwithstanding his payment of the fee. 28 U.S.C. § 1915A(b)(1).